UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PERRY CHANEY,

       Plaintiff,                      CIVIL ACTION NO. 16-cv-10334

       v.                             DISTRICT JUDGE MARK A. GOLDSMITH

NOMURA CREDIT &              MAGISTRATE JUDGE MONA K. MAJZOUB
CAPITAL, INC.,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is recommended that this matter be dismissed for failure to prosecute pursuant to Eastern District of Michigan Local Rule 41.2.

**II.    REPORT**

Plaintiff Perry Chaney, proceeding *pro se*, initiated this action against Defendant Nomura Credit and Capital, Inc. on February 1, 2016, challenging foreclosure proceedings related to real property located at 17255 Ponchartrain Avenue in Detroit, Michigan. (Docket no. 1.) On February 29, 2016, the Court ordered the parties to appear for a scheduling conference to be held on March 21, 2016 at 9:30 a.m. (Docket no. 7.) Plaintiff failed to appear for the conference. The Court then ordered Plaintiff to appear before the Court on April 5, 2016 at 10:00 a.m. to show cause as to why he should not be held in contempt of court for failing to appear at the scheduling conference. (Docket no. 11.) The Order warned Plaintiff that "[f]ailure to appear on April 5, 2016 may result in sanctions against the plaintiff including dismissal." (*Id.*) Plaintiff

did not appear for the show cause hearing, and the Court has had no contact with Plaintiff, written or verbal, since that date.

"It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute." *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-30 (1962); *Carter v. City of Memphis,* 636 F.2d 159, 161 (6th Cir. 1980)). *See also* E.D. Mich. LR 41.2 ("[W]hen it appears that . . . the parties have taken no action for a reasonable time, the Court may, on its own motion after reasonable notice . . . enter an order dismissing . . . the case unless good cause is shown."). The court should consider the following factors before dismissing an action for failure to prosecute: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action." *Mulbah v. Detroit Bd. Of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001) (citing *Knoll v. American Tel. & Tel.*, 176 F.3d 359, 363 (6th Cir. 1999) (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998))).

Plaintiff did not appear for the March 21, 2016 scheduling conference or the April 5, 2016 show cause hearing, notwithstanding the Court's Orders. There is no indication that any of the notices or orders sent to Plaintiff's address of record have been returned as undeliverable. The Court provided opportunities for Plaintiff to participate in this litigation, but he has failed to do so. Conversely, Defendant has continued to defend against this action, and it has been prejudiced by Plaintiff's failure to appear before this Court. Furthermore, this Court warned Plaintiff that his failure to comply with the Court's Order to Show Cause could result in Plaintiff being sanctioned, which sanctions could include dismissal of his case. Despite the Court's

warning, Plaintiff failed to appear at the show cause hearing and has had no further contact with the Court. Given Plaintiff's failure to comply with this Court's Orders and his failure to participate in the prosecution of this action on more than one occasion, the undersigned recommends dismissal of Plaintiff's claims for failure to prosecute.

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: June 1, 2016        s/ Mona K. Majzoub
                           MONA K. MAJZOUB
                           UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

      I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.

Dated: Jun 1, 2016         s/ Lisa C. Bartlett
                           Case Manager

4